UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No. 5:21-cv-00241

**DARLEEN DEPOALO,**

    Plaintiff,

v.                                                       **Formerly Marion County Case No. 20-CA-001842**

**THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as Trustee for the Noteholders CWABS, Inc., Mortgage Backed Notes, Series 2005-HYB9,**

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

The Bank of New York Mellon fka Bank of New York, as Trustee for the Noteholders CWABS, Inc., Mortgage Backed Notes, Series 2005-HYB9 ("**Defendant**"), hereby removes the action currently pending in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, Case No. 2020-CA-001842 (the "**State Court Action**"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

57993977;1

I. **BACKGROUND**

1. This case involves one of many dozens of nearly identical recent lawsuits in which the plaintiffs attempt to obtain default final judgments against foreclosure plaintiffs through defective service.[1]  Of course, notice and an opportunity to participate in a lawsuit are the most fundamental aspect of our civil justice system, and Plaintiff's counsel has designed this scheme, discussed in Defendant's pending motion to quash service and vacate the clerk's default, to prevent the defendants from receiving notice and an opportunity to participate in these cases.  All defendants want to do is to have their day in court and allow these cases to be decided on their merits, and that is precisely what Plaintiff's counsel wants to avoid.

2. This particular action is based on a mortgage foreclosure action in Pinellas County, Case No. 19-3205-CI, which was brought by Defendant (the "**Foreclosure Action**") relating to real property located in Pinellas County at 2272 Chianti Place, #41, Palm Harbor, FL 34683 (the "**Property**").  *See* Compl. ¶¶ 20, 23, 45.  Specifically, the complaint purports to state a claim under the "Civil Remedies for Criminal Practices Act" (Fla. Stat. § 772.101, *et seq*.) for allegedly

---

[1] This is not the first instance of such misconduct.  A group of counsel, including Ms. DePaolo's counsel, has filed **numerous** actions against Defendant and other financial institutions in various Florida state courts, many where venue is improper, asserting similar allegations and failing to effectuate proper service.  *See* spreadsheet of 82 discovered cases filed against Defendant and other institutions across the state of Florida, attached as **EXHIBIT A**.

improperly foreclosing against Plaintiff in the Foreclosure Action. The claim is based on allegations Defendant was not the owner or holder of the Note and lacked standing to foreclose in the Foreclosure Actions. *See, e.g.*, Compl. ¶¶ 30, 45.

3. A true and correct copy of all process and pleadings from the State Court Action available to counsel as of this date, including the Complaint and other court filings, are attached hereto as **COMPOSITE EXHIBIT B.**

4. The procedural history of this case is as follows:

   a. On November 17, 2020, Plaintiff filed her Complaint;

   b. On November 20, 2020, Defendant was allegedly served by delivery of the summons and complaint to CT Corporation System;

   c. On December 11, 2020, Plaintiff filed a Motion for Clerk's Default, which appears to have been entered on December 18, 2020 ("**Clerk's Default**");

   d. On December 11, 2020, Plaintiff filed a Motion for Final Summary Judgment After Default;

   e. On January 15, 2021, Defendant filed a Motion to Set Aside Clerk's Default, Motion to Quash Service of Process and Opposition to Motion for Final Summary Judgment After Default due to improper service of process and other grounds ("**Motion to Quash Service and Vacate Default**");

  f. On February 28, 2021, Plaintiff filed a Motion to Strike the Motion to Vacate Default and for Sanctions for Fraud on the Court.

5. The three pending motions in the State Court Action are: **(1)** Plaintiff's Motion for Summary Judgment After Default; **(2)** Defendant's Motion to Quash Service and Vacate Default; and **(3)** Plaintiff's Motion to Strike the Motion to Vacate Default and for Sanctions for Fraud on the Court.

## II. LEGAL STANDARD FOR REMOVAL

6. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States . . . where such action is pending."

7. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

  (1) citizens of different States;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

8.  "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

### III. BASIS FOR REMOVAL — DIVERSITY JURISDICTION

9.  This Court has original jurisdiction on the basis of diversity and amount in controversy. *See* 28 U.S.C. § 1332. The parties are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

### A. Diversity of Citizenship Exists.

10. "[A]t this early stage in the proceedings, the parties are not required to plead jurisdiction affirmatively based on actual knowledge." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087-88 (9th Cir. 2014). In *Carolina Casualty Insurance Company*, the court "h[e]ld that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." *Id.* at 1088.

11. Based on information and belief, Plaintiff Darleen DePaolo is a resident of the state of Florida. The property at issue in the Foreclosure Action and the State Action is located in Pinellas county, Florida. Ms. DePaolo's affidavit in support of her Motion for Summary Judgment, filed in the State Action, was executed in Pinellas county, Florida. *See* Ex. B.

12. Defendant is a New York state chartered bank with its principal place of business in New York.

13. Because the parties are citizens of different states, diversity exists.

**B.  Amount in Controversy Exceeds $75,000.**

14. Plaintiff in this matter seeks "triple damages" on Plaintiff's alleged "value of the Property, and the attorney's fees and costs incurred defending the [Foreclosure Action]." Compl. ¶ 46.

15. As evidenced by Defendant's Motion for Summary Judgment, the amount in controversy is at least $473,100. *See* Ex. B. Thus, the amount in controversy in the State Court Action clearly exceeds $75,000, and therefore meets the amount in controversy threshold under 28 U.S.C. § 1332.

**C.     Removal Is Timely.**

16.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because, as explained in the pending motion to vacate the default judgment, no service of process has ever been properly effected on Defendant.

17.     Plaintiff may claim that this removal is untimely because it was not made within thirty days of alleged *receipt* of the summons and complaint even assuming service of process was improper.  The Supreme Court has held that the 30-day removal period does not begin to run until service is effectuated, explaining that the deadline is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).  Thus, "mere receipt of the complaint unattended by any formal service" does not trigger the thirty-day timeframe for removal set forth in 28 U.S.C. § 1446(b). *Id.* at 348; *see also, e.g., Edwards v. Apple Computer, Inc.*, 645 F. App'x 849, 852 (11th Cir. 2016) (holding removal timely where defendant was never formally served with process and removed case two days after waiving service of process); *Rissman, Barrett, Hurt, Donahue & McClain, P.A. v. Westport Ins. Corp.*, No. 610CV898ORL35GJK, 2010 WL 11626746, at *2 (M.D. Fla. July 29, 2010) ("Thus, contrary to the contention of Plaintiffs, service of process is a sine qua non

for the commencement of the running of the thirty (30) day period, which cannot run by the mere receipt of the complaint unattended by any formal service." (quoting *Murphy Bros., Inc.*, 526 U.S. at 347-48)).

18. In this case, Defendant has never been served with process, and has filed a pending motion to quash service of process and to vacate the Clerk's Default. Therefore, service is timely.

### E. All Other Conditions of Removal Are Satisfied.

19. Venue is proper in the United States District Court Middle District of Florida because the case is being removed from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.

20. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant is serving Plaintiff with a copy of this Notice of Removal and is filing a Notice of Filing Notice of Removal with the Clerk of the Court for the Fifth Judicial Circuit in Marion County, Florida.  A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **EXHIBIT C.**

21. By filing this notice of removal, Defendant waives no defense to dismissal of this action or challenge to the sufficiency of service of process.

## IV. CONCLUSION

Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship.  Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, to the United States District Court for the Middle District of Florida.

**WHEREFORE**, Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, Case No. 2020-CA-0001842 be removed to this Honorable Court.

Date: May 3, 2021

Respectfully submitted,

**AKERMAN LLP**

By:/s/ *Heather L. Fesnak*
HEATHER L. FESNAK
Florida Bar No. 85884
Primary Email: heather.fesnak@akerman.com
Secondary Email:  marykay.siegel@akerman.com
KATHERINE E. SHEPARD
Florida Bar No. 1011586
Primary Email: katie.shepard@akerman.com
Secondary Email:  marykay.siegel@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, FL  33602-5250
Telephone:  813-223-7333
Facsimile:  813-223-2837
**Counsel for BoNYM**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 3, 2021, a true and correct copy of the foregoing was served by Email on: **Jake C. Blanchard, Esquire**, Blanchard Law, P.A., 1501 Belcher Road S., Unit 6B, Largo, FL 33771, jake@jakeblanchardlaw.com and **Megan Lazenby, Esquire**, Lazenby Law, LLC, 4927 Southfork Drive, Lakeland, FL 33813, lazenbylaw@gmail.com.

                                          */s/ Heather L. Fesnak*
                                          Attorney