UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DARLEEN DEPOALO,**

    **Plaintiff,**

v.                                                          Case No: 5:21-cv-241-JSM-PRL

**THE BANK OF NEW YORK MELLON,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant The Bank of New York Mellon's ("BoNYM"), motion to set aside default and quash service. (Doc. 4). Plaintiff has not filed a response in opposition.

On November 17, 2020, Plaintiff Darleen DePoalo filed a Complaint against BoNYM in state court relating to an ongoing foreclosure action. Plaintiff claimed to have served BoNYM on November 20, 2020 by serving its purported agent for service of process—CT Corporation System (CT Corporation) at 1200 S. Pine Island Road, Plantation, Florida 33324. (Doc. 1-2 at 20). The same day, CT Corporation sent a letter to Plaintiff's counsel rejecting service, stating CT Corporation is not the registered agent for BoNYM. (*Id.* at 55, 71).

Despite the rejection letter, and without notifying BoNYM's counsel in the ongoing foreclosure action, Plaintiff filed a motion for entry of default and represented to the state court that BoNYM had been "personally served" and failed to respond. (Id. at 21). The day after BoNYM's responsive pleading deadline—December 10, 2020—Plaintiff moved for

clerk's default, which was entered against BoNYM on December 18, 2020. (*Id.* at 21-22, 29-30). Plaintiff also moved for final judgment, stating that BoNYM was "personally served." (Id. at 23-28). No final judgment issued.

Several weeks later, BoNYM's counsel discovered the action independently on the Marion County Circuit Court docket and BoNYM immediately moved in state court to quash service of process and to set aside the Clerk's default. (Doc. 4-14). BoNYM explained that it had never been served with process because Plaintiff had served an entity—CT Corporation System—that is not the registered agent of the BoNYM. (Doc. 4-14). As support, Defendant supplied (1) a letter dated November 20, 2020, from CT Corporation System telling Plaintiff's counsel that it was not the registered agent of the Bank of New York Mellon (Doc. 1-5 at 37; Doc. 4-14 at 38); and (2) a sworn affidavit asserting that CT Corporation System was not the registered agent of the Bank of New York Mellon (Doc. 1-5 at 20-21; Doc. 4-14 at 21-22). That motion—Defendant's motion to quash and set aside the Clerk's default—was pending in state court as of May 3, 2021, when BoNYM filed its Notice of Removal in this action. (Doc. 1).[1] BoNYM re-filed the motion here. (Doc. 4).

There is no dispute that service of BoNYM was improper and should be quashed. Florida law permits process to be served on the registered agent of a corporation, *see* Fla. Stat. § 48.081, but compliance with that statute must be strictly construed, *see, e.g.*, *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). Here, BoNYM has supplied the Court with clear and

---

[1] BoNYM removed this action on the basis of diversity jurisdiction asserting that the parties are believed to be citizens of different states and the amount in controversy exceeds $75,000 as evidenced by Plaintiff's motion for summary judgment in which she seeks damages of $473,100. (Doc. 1 at 5-6; Doc. 1-2 at 24). Plaintiff has raised no challenge to removal.

convincing evidence that the Plaintiff's service on CT Corporation System was not proper service because CT Corporation System is not its registered agent.

The improper service also requires setting aside the entry of default. When a case is transferred from state court to federal court, the federal court takes the case as through everything done in the state court had been done in the federal court. *See Savell v. Southern Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Accordingly, the federal court has authority under Federal Rule of Civil 55(c), to set aside a default entered in the state court. *See, e.g.*, *Rodger v. Quicken Loans Inc.*, No. 613CV1195ORL18TBS, 2013 WL 12388554, at *2 (M.D. Fla. Sept. 19, 2013), report and recommendation adopted, No. 6:13-CV-1195-ORL-37, 2013 WL 6511725 (M.D. Fla. Dec. 12, 2013). Plaintiff obtained a clerk's default in state court based on improper service; and thus, there is good cause to set it aside in accordance with Rule 55(c).

Accordingly, BoNYM's motion to set aside clerk's default and motion to quash service (Doc. 4) is **GRANTED**. The default entered by the clerk of the state court (Doc. 1-2 at 29-30) is set aside.

**DONE** and **ORDERED** in Ocala, Florida on June 16, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties